IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOYCE R. TANNER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-2019-L-BK |
| | § | |
| ANGELA HOUSE, Principal, et al., | § | |
|     Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. On July 31, 2017, Plaintiff filed a *pro se Complaint and Request for Injunction* along with a *Request for Emergency Hearing for Removal Orders and Injunction*. Doc. 3; Doc. 6. Plaintiff's claims stem from the alleged "unlawful and unconstitutional removal" of her son S.L.F.II by the Department of Family and Protective Services (DFPS) and Child Protective Service (CPS). Doc. 3 at 10. In her emergency motion, she asserts:

> Plaintiff is requesting an emergency hearing for the injunction and for an emergency removal order for S.L.F.II from Child and Protective Services Custody. CPS has removed the child unlawfully from a safe stable and loving home and has placed him in imminent danger disregarding family medical history of heart attacks, strokes, and aneurysm and put him on adderrall XR. S.L.F.II is 5 yrs. old [and] the medication has never been tested on a child under 6. We pray for the court to grant the emergency hearing requested.

Doc. 6. Because Plaintiff is proceeding without the benefit of counsel, in an abundance of caution, the Court liberally construes her "emergency" motion as requesting a temporary restraining order.

Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

>   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1). In this instance, Plaintiff, who is acting as her own attorney, has failed to provide specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result. Nor has she certified in writing any efforts made to give notice to Defendants and the reasons why notice should not be required before a temporary restraining order is issued. Moreover, to the extent Plaintiff is requesting relief on behalf of the minor child, she cannot represent her minor child in this action and a licensed attorney must be retained to handle the next friend claim(s) of the minor child. *See Sprague v. Dep't of Family & Protective Services,* 547 Fed. Appx. 507, 508 (5th Cir. Nov. 15, 2013) (collecting cases holding that right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in legal proceedings).

Thus, Plaintiff having failed to comply with the legal requirements, her *Request for Emergency Hearing for Removal Orders and Injunction* should be **DENIED**.

**SIGNED** August 10, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                                     RENEE HARRIS TOLIVER
                                                                                                     UNITED STATES MAGISTRATE JUDGE